UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3802-CJC (JEM) | Date | June 9, 2022 |
|---|---|---|---|
| Title | Elizabeth Thomas v. Lakewood Sheriff's Dept., et al. | | |

| Present: The Honorable | John E. McDermott, United States Magistrate Judge |
|---|---|
| S. Lorenzo | |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**   (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF JURISDICTION

On June 2, 2022, Elizabeth Thomas ("Plaintiff") filed a complaint to quiet title on real property located in Lakewood, California ("Complaint"). The caption of the Complaint cites Cal. Civ. Code § 760.020 (the California quiet title statute) and 28 U.S.C. § 2409a (the federal quiet title statute). Plaintiff also identifies the following Defendants in the caption: the Lakewood Sheriff's Department, the Lakewood City Council, 7-Eleven, Pioneer Carson Liquor Market, Golden State Water Company, Southern California Edison, Edco Waste Disposal, Lakewood Inn, Carburetor Land, and William Rothacker, Jr. (Complaint at 1.) The case was opened as a civil rights action under 42 U.S.C. § 1983, apparently based on Plaintiff's citation to that statute and the Fifth Amendment. (Id. at 5-6.)

Notwithstanding Plaintiff's citation to federal law, it appears that the Court lacks subject matter jurisdiction over this action and Plaintiff has failed to state a cognizable claim. There is no diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff, who is a citizen of California, is not diverse from all named Defendants. (See id. at 1-2.) There is no federal question under 28 U.S.C. § 1331 because this action to quiet title does not arise under the Constitution, laws, or treaties of the United States. The federal quiet title statute cited by Plaintiff, 28 U.S.C. § 2409a does not apply here because the real property at issue is privately owned, and there is no indication that the United States has claimed an interest in it. (See id. at 5.) The Fifth Amendment also does not apply because there has been no taking by a government entity for public use. Rather, Plaintiff asserts that the notice posted on the property indicated it was to be redeveloped for commercial use (a gas station) by a private party. (Id. at 5-6.)

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE in writing no later than June 23, 2022, why this action should not be dismissed with prejudice for lack of jurisdiction and failure to state a claim. Plaintiff is advised that failure to file a response by the deadline will result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with a court order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3802-CJC (JEM) | Date | June 9, 2022 |
|---|---|---|---|
| Title | Elizabeth Thomas v. Lakewood Sheriff's Dept., et al. | | |

  In accordance with Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, no oral argument of this matter will be heard unless ordered by the Court. The Order will stand submitted upon the filing of the response to the Order to Show Cause.

cc: Parties

|  | : |
|---|---|
| Initials of Preparer | slo |